**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

EDWARD MATTHEWS                                                                                     PLAINTIFF

v.                                           No. 2:05CV00271 JLH

NEWPORT HEALTHCARE CENTER, INC.;
REGIONAL HEALTHCARE, INC.; REGIONAL
MANAGEMENT, INC.; HEATH CARLTON;
LINDLEY HEALTHCARE, LLC; and
TRIFIELD, LLC                                                                                       DEFENDANTS

**OPINION AND ORDER**

Edward Matthews brings employment discrimination claims against Newport Healthcare and Regional Healthcare as his former employers and against various other parties as successors in interest to Newport and Regional. One of the parties alleged to be a successor in interest in this case is Heath Carlton, who now presents a motion to dismiss for failure to state a claim or, in the alternative, motion for summary judgment.[1] On the grounds that Matthews is not a successor in interest, the motion to dismiss is GRANTED.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should only be granted if it appears beyond a doubt that the plaintiff can prove no set of facts to warrant a grant of relief. *Gilmore v. County of Douglas, Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). In considering a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). All facts alleged are taken as true and all reasonable

---

[1] Carlton has filed two motions to dismiss. On the same day as Carlton filed a motion to dismiss the amended complaint, Matthews filed a second amended complaint. Carlton subsequently moved to dismiss the second amended complaint. The Court denies the motion to dismiss the amended complaint as moot (Document #19) and addresses only the motion to dismiss the second amended complaint.

inferences drawn in the favor of the plaintiff. *Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006). The Court, however, is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions case in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Successorship liability has been recognized by courts in the employment discrimination context. *See e.g.*, *Brzozowski v. Corr. Physician Servs.*, 360 F.3d 173, 177-79 (3d Cir. 2004); *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 746-53 (7th Cir. 1985). *But see Dominguez v. Hotel, Motel, Rest. & Miscellaneous Bartenders Union*, 674 F.2d 732, 733 (8th Cir. 1982) (no successorship liability when ownership was acquired without notice or knowledge of discrimination charges); *Rego v. ARC Water Treatment Co. of Pa.*, 181 F.3d 396, 401-02 (3d Cir. 1999) (no successorship liability where successor's operations and work force lacked continuity with predecessor and alternate successor had exclusive control over remedial measures to forestall litigation). In this case, Matthews alleges that Carlton is a successor in interest to Newport Healthcare or Regional Healthcare. Specifically, the second amended complaint states:

> Edward Matthews (Plaintiff) is a resident of Jackson County, Arkansas, who worked for Defendants Newport Health[c]are and Regional Healthcare, both domestic corporations, operating for profit in Jackson County, Arkansas. Since the Complaint was filed, Plaintiff has been informed that the nursing home in which he worked has been sold, along with all its assets, to Defendant Trifield, LLC, who is therefore a successor in interest of Defendants Newport Healthcare and Regional Healthcare. In addition, Plaintiff believes that either Regional Management, Inc. or Heath Carlton received benefits, profits from, or money from the sale of the home and stripped Newport Healthcare Center and Regional Health, Inc., of all its assets, and are therefore successors in interest to them. Consequently, this Court has personal jurisdiction over the parties.

Second Am. Compl. ¶ 1. Carlton moves to dismiss the claims against him on the basis that the complaint does not sustain the conclusion that he is a successor in interest. Matthews urges the

Court to deny the motion to dismiss, arguing that, under notice-pleading standards, the allegation that Carlton is a successor in interest suffices and, in the case that it does not, amendment should be allowed.

Applying the standards of review applicable to motions to dismiss, the Court finds that allegation insufficient and amendment inappropriate in this case. Asserting that a party is a successor in interest is a legal, not factual, allegation, and thus one that the Court may freely disregard. *Wiles*, 280 F.3d at 870. Assuming as true the factual allegations that Carlton stripped assets from the nursing home at which Matthews worked or somehow benefitted, profited, or received money from its sale, Carlton is not a successor, as that term is used legally, nor is he a successor in interest, another legal term of art. *Cf. Explosives Corp. of Am. v. Garlam Enters. Corp.*, 615 F. Supp. 364, 369 (D.P.R. 1985) (stripping a corporation of assets does not create a successor liability claim). Black's Law Dictionary defines a successor as a "corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation." BLACK'S LAW DICTIONARY 1473 (8th ed. 2004). A successor in interest is one who "follows another in ownership or control of property" or who "retains the same rights as the original owner, with no change in substance." *Id*. In *Musikiwamba*, the court held that a successor in interest "actually purchases the assets of the predecessor and continues the predecessor's business." 760 F.2d at 753. Matthews does not allege that Carlton purchased the assets or in any way continued the business on his own; indeed, to construe the complaint in such a way would contradict the complaint, which states that the nursing home and *all of its assets* were sold to Trifield, LLC. Matthews alleges that Carlton stripped assets from the nursing home and otherwise benefitted, profited, or received money from the sale. No authority of which the Court is aware

holds that a party who commits these acts is a successor in interest. Because Matthews pursues only successorship liability, the Court expresses no opinion as to whether these actions could render Carlton liable to Matthews on some other theory. Accepting the factual allegations in the complaint as true, Carlton is not a successor in interest and the claims against him thus fail as a matter of law. Accordingly, the Court grants the motion and hereby dismisses the claims against Carlton without prejudice. Document #26.

    IT IS SO ORDERED this 14th day of April, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE